UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NNN 123 NORTH WACKER, LLC, et al.,[1] | ) | Case No. 13-39210 (JBS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**AGREED ORDER FURTHER EXTENDING ORDER (A) AUTHORIZING NNN 123 NORTH WACKER, LLC (1) TO USE CASH COLLATERAL ON AN INTERIM BASIS PURSUANT TO 11 U.S.C. § 363, AND (2) TO PROVIDE ADEQUATE PROTECTION IN CONNECTION THEREWITH PURSUANT TO 11 U.S.C. § 361, AND (B) SETTING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

The Court, upon the motion of NNN North Wacker, LLC, debtor and debtor-in-possession herein ("TIC 0"), for Entry of an Order (A) Authorizing NNN North Wacker, LLC (1) to Use Cash Collateral on an Interim Basis Pursuant to 11 U.S.C. § 363 and (2) to Provide Adequate Protection in Connection Therewith Pursuant to 11 U.S.C. § 361, and (B) Setting a Final Hearing Pursuant to Bankruptcy Rule 4001 [Dkt. No. 63] (the "Motion"),[2] having previously entered the Order (A) Authorizing NNN North Wacker, LLC (1) to Use Cash Collateral on an Interim Basis Pursuant to 11 U.S.C. § 363 and (2) to Provide Adequate Protection in Connection Therewith Pursuant to 11 U.S.C. § 361, and (B) Setting a Final Hearing Pursuant to Bankruptcy Rule 4001 [Dkt No. 68] (the "First Interim Cash Collateral Order"), the Agreed Order Further Extending Order (A) Authorizing NNN North Wacker, LLC (1) to Use Cash Collateral on an Interim Basis Pursuant to 11 U.S.C. § 363 and (2) to Provide Adequate Protection in Connection Therewith Pursuant to 11 U.S.C. § 361, and (B) Setting a Final Hearing

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: NNN 123 North Wacker, LLC (4336) and NNN 123 North Wacker Member, LLC (7290).

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

1

708849757

Pursuant to Bankruptcy Rule 4001 [Dkt No. 77] (the "Second Interim Cash Collateral Order"), and the Agreed Order Further Extending Order (A) Authorizing NNN North Wacker, LLC (1) to Use Cash Collateral on an Interim Basis Pursuant to 11 U.S.C. § 363 and (2) to Provide Adequate Protection in Connection Therewith Pursuant to 11 U.S.C. § 361, and (B) Setting a Final Hearing Pursuant to Bankruptcy Rule 4001 [Dkt No. 98] (the "Third Interim Cash Collateral Order"); the matter having come before the Court for further hearing pursuant to the provisions of and notice provided by the Interim Cash Collateral Order; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the motion is in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules of the Northern District of Illinois, and orders and procedures of this Court; (v) proper and adequate notice of the Motion, the deadline to file any objections to the Motion, and any hearing thereon was given, and no other or further notice is necessary; (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and (vii) the relief sought in the Motion is in the best interests of TIC 0 and its estate; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Interim Cash Collateral Order is hereby extended, in its entirety, through and including July 31, 2014, with the following additions:

    a. the use of Cash Collateral during the extended period shall be subject to the Approved Budget, attached hereto as Exhibit A;

    b. pursuant to section 361(1) of the Bankruptcy Code, as adequate protection for the continued use of Cash Collateral, and in accordance with the Approved Budget attached hereto as Exhibit A, the Lender shall receive a $621,993.00 payment by April 30, 2014, a $601,929.00 payment by May 30, 2014, a $621,993.00 payment by June 30, 2014, and

708849757

a $601,929.00 payment by July 31, 2014, to be applied to the indebtedness owed pursuant to the Loan Documents; <u>provided, however,</u> that the adequate protection payments and the application of such payments by the Lender against any such indebtedness shall be provisional only and subject to further order of the Court; and

2. A further hearing, which may be a final hearing, on the relief sought in the Motion shall be held on July [___], 2014 at [_____] a.m., prevailing Central time, before the Court, although the scheduling of such a hearing shall not preclude the Debtors, Lender or another creditor or party in interest from seeking a continuance thereof.

3. TIC 0 shall serve copies of this Order on all parties entitled to notice of this Order.

4. This Court shall retain jurisdiction to resolve all matters arising out of or related to the Motion or the Interim Cash Collateral Order (as extended by this Order).

Dated: Chicago, Illinois
       March 26, 2014

By: _/s/ DTNL_

D. Tyler Nurnberg
Seth J. Kleinman
KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360

*Attorneys for the Debtors*

Dated: Chicago, Illinois
       March 26, 2014

By: _____

Thomas S. Kiriakos
Aaron Gavant
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711

*Attorneys for Wells Fargo Bank, N.A., as Trustee, for the registered holders of GE Commercial Mortgage Corporation, Commercial Mortgage Pass-Through Certificates, Series 2005-C4 acting by and through C-III Asset Management LLC, a Delaware limited liability company, as successor to Midland Loan Services Inc., in its capacity as special servicer for the 123 North Wacker Whole Loan, pursuant to that certain Pooling and Servicing Agreement dated December 1, 2005*

3

708849757

a $601,929.00 payment by July 31, 2014, to be applied to the indebtedness owed pursuant to the Loan Documents; provided, however, that the adequate protection payments and the application of such payments by the Lender against any such indebtedness shall be provisional only and subject to further order of the Court; and

2.    A further hearing, which may be a final hearing, on the relief sought in the Motion shall be held on July [__], 2014 at [____] a.m., prevailing Central time, before the Court, although the scheduling of such a hearing shall not preclude the Debtors, Lender or another creditor or party in interest from seeking a continuance thereof.

3.    TIC 0 shall serve copies of this Order on all parties entitled to notice of this Order.

4.    This Court shall retain jurisdiction to resolve all matters arising out of or related to the Motion or the Interim Cash Collateral Order (as extended by this Order).

Dated:  Chicago, Illinois
        March 26, 2014

By: _____
D. Tyler Nurnberg
Seth J. Kleinman
KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2300
Facsimile:  (312) 583-2360

*Attorneys for the Debtors*

Dated:  Chicago, Illinois
        March 26, 2014

By: *Thomas Kiriakos/ag*
Thomas S. Kiriakos
Aaron Gavant
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711

*Attorneys for Wells Fargo Bank, N.A., as Trustee, for the registered holders of GE Commercial Mortgage Corporation, Commercial Mortgage Pass-Through Certificates, Series 2005-C4 acting by and through C-III Asset Management LLC, a Delaware limited liability company, as successor to Midland Loan Services Inc., in its capacity as special servicer for the 123 North Wacker Whole Loan, pursuant to that certain Pooling and Servicing Agreement dated December 1, 2005*

3

708849757

**SO ORDERED:**

Dated:   Chicago, Illinois
        March __, 2014

                                      Honorable Jack B. Schmetterer
                                      United States Bankruptcy Judge

4